**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            ) | No. CV 10-2230-PHX-JAT (DKD) |
| Plaintiff,              ) | No. CR 10-740-PHX-JAT |
| v.                          ) | **ORDER** |
| Jaime Olazabal Carranza,        ) | |
| Defendant/Movant.       ) | |

On October 19, 2010, Movant Jaime Olazabal Carranza, who is confined in the Corrections Corporation of America's Central Arizona Detention Center in Florence, Arizona, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C & 2255)." In a November 4, 2010 Order, the Court denied the Motion because it was not filed on a court-approved form and gave Movant 30 days to file an amended § 2255 motion on a court-approved form.

On November 15, 2010, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4). The Court will summarily dismiss the amended motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). The plea agreement provided for a sentencing range of 4 to 63 months. On

1  October 14, 2010, the Court sentenced Movant to a 37-month term of imprisonment followed
2  by 3 years on supervised release.

3  Movant seeks a reduction of his sentence.  He argues that his First, Sixth, Seventh and
4  Fourteenth Amendment equal protection rights are being violated because as a deportable
5  alien, he should be "entitled to the same rights as a[n] American."

## II.     Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.[1]

## III.    Waiver

Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431,

---

[1] In addition, the Ninth Circuit explicitly rejected Movant's equal protection argument in McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

1   433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only
2   claims that cannot be waived are claims that the waiver itself was involuntary or that
3   ineffective assistance of counsel rendered the waiver involuntary. See Washington v.
4   Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
5   right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
6   ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt,
7   32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
8   erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca,
9   985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
10  assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4
11  (declining to decide whether waiver of all statutory rights included claims implicating the
12  voluntariness of the waiver).

13  "Collateral attacks based on ineffective assistance of counsel claims that are
14  characterized as falling outside [the category of ineffective assistance of counsel claims
15  challenging the validity of the plea or the waiver] are waivable." United States v.
16  Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396
17  F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth
18  Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and
19  knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack,
20  in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel
21  during sentencing.").

22  As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant **waives**: (1) any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment; and (2) **any right to file** an appeal, **any collateral attack**, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, **including but not limited to** any appeals under 18 U.S.C. § 3742 and **motions under 28 U.S.C. §§ 2241 and 2255**. The defendant acknowledges that if the Court has sentenced the defendant

> according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case**.

(Doc. 23) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 23).

Movant's assertions in his amended § 2255 motion do not pertain to the voluntariness of the waiver. Movant expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in his amended § 2255 motion. Thus, the Court will summarily dismiss the amended motion. Accordingly,

**IT IS ORDERED:**

(1) The Clerk of Court must terminate Doc. 26 in CR-10-740-PHX-JAT.

(2) The Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 4 in CV 10-2230-PHX-JAT (DKD)) is **denied** and the civil action opened in connection with this Motion (CV 10-2230-PHX-JAT (DKD)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 18th day of November, 2010.

James A. Teilborg
United States District Judge